TILSEY H. WHITTEN, petitioner,

*v.*

RALPH S. WHITTEN, defendant.

[Decided October 14th, 1926.]

A husband who lives where his wife is not permitted to stay, call upon or communicate with her, is guilty of desertion. His inability to support her is an immaterial incident.

On exceptions to master's report.

*Messrs. Howe & Davis,* for the exceptant.

BACKES, V. C.

This matter is up on exceptions to a master's report adverse to a divorce on the ground of desertion. The parties were married in June, 1921, and separated the following November. In the meantime they lived with the petitioner's parents for a while, then went to housekeeping for a short period and finally landed in the home of the defendant's mother and step-father in New York, a small apartment, to which they had not been invited. The mother being in need of their bedroom to accommodate a daughter who was about to visit with some members of her family, asked the petitioner to make way, intimating that she thought her husband was doing quite enough to support her son, whereupon petitioner left, returning to her parent's home. Her husband remained. From two letters written by the petitioner to her husband shortly after the separation the master deduced that she left of her own will and that he was not responsible for her departure. She left under the pressure of her mother-in-law's invitation, but not willingly.

The master was also influenced in his judgment that the defendant was not guilty of desertion because his illness prevented him from supporting his wife. That, in the circumstances, is an immaterial incident. Not only did he not support her, but he remained where his wife was not permitted to stay, and in the second of the two letters written by him to her, November 17th, 1921, he stated that "we would both be better off and much happier without further correspondence," and from that time has not called upon nor communicated with her—he absolutely ignored her. A case of desertion is made out and the wife is entitled to a divorce.

Exceptions sustained.